UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEASHAWN HARRISON,

Plaintiff,

v.

WAYNE COUNTY SHERIFF'S OFFICE, et. al.,

Defendants.

Case No. 26-cv-11805

Honorable Robert J. White

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is *pro se* Plaintiff Deashawn Harrison's prisoner civil rights complaint. *See* ECF No. 1. Plaintiff is incarcerated at the Wayne County Jail in Detroit, Michigan.

On June 9, 2026, Magistrate Judge David R. Grand signed an order of deficiency. (ECF No. 4). The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. (*Id.* at PageID.23). The order alternatively allowed Plaintiff

to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the fifty five ($ 55.00) dollar administrative fee. Plaintiff was given thirty days to comply with the order. (*Id.*).

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

Although Plaintiff has submitted two applications to proceed without prepayment of fees, the applications do not include a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. (ECF Nos. 2, 6). Plaintiff's complaint is therefore deficient. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he

district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff, in his second "Motion to Proceed *In Forma Pauperis*," asks this Court to send him copies of the documents he would need to support his application to proceed without prepayment of fees and costs. *See* ECF No. 6, PageID.27. Plaintiff, however, does not allege that these forms are not available at the Wayne County Jail or were not provided to him. Any implied allegation on Plaintiff's part that Wayne County Jail officials refused to provide him with a computerized trust account statement or a financial certificate would not excuse him from complying with the deficiency order because it is conclusory and unsupported. *See e.g. Montana v. Hargett,* 212 F. App'x 770, 772-73 (10th Cir. 2007). Any such implication would also be inconsistent with the fact that jail authorities did provide Plaintiff with an application to proceed without prepayment of fees and costs. Accordingly,

The Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act and this Court's deficiency order. *See e.g. Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004). Nothing in this order precludes plaintiff from filing a new civil rights complaint under a new case number

so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED.**

s/Robert J. White
Robert J. White
United States District Judge

Dated: September 30, 2026